IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 3:98cr126/LAC
                                                       3:00cv483/LAC/MD

MICHAEL A. BLANKENSHIP,

    Defendants.
_____/

**<u>ORDER</u>**

      Before the Court is Defendant's Motion for Reconsideration (doc. 215) of the Court's Order denying his motion pursuant to Rule 60(b) of the Federal Rules of Criminal Procedure. Defendant asserts that he is entitled to relief under Rule 60(b) because the government had committed fraud when it contended that Defendant's claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (June 26, 2000), could not be retroactively applied to his case under section 2255 review. *See Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253 (11th Cir. 2004) (en banc). Defendant's contention, that his conviction did not become final until after *Apprendi* was decided, and that the Court was wrong to rule otherwise, does not implicate fraud. Moreover, contrary to Defendant's assertion, his conviction became final on April 13, 2000, when the Eleventh Circuit mandate

was issued, which predates the *Apprendi* decision. *See Hamm v. United States*, 269 F.3d 1247, 1249 (11th Cir. 2001). Defendant's proper avenue for relief is the filing of a second or successive motion under section 2255, which requires authorization from the Eleventh Circuit. *See Gonzalez*, 366 F.3d at 1277.

Accordingly, it is now **ORDERED** as follows:

1.  Defendant's Motion for Reconsideration (doc. 215) is **DENIED**.

**ORDERED** on this 7th day of September, 2005.

                                                    s/ *L.A. Collier*
                                                 Lacey A. Collier
                                      Senior United States District Judge